FOR THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW MEXICO

UNITED STATES,

    Plaintiff,

    v.                                                                CIV. No. 12-1239  MV/GBW

$2,660.00 in United States Currency,

    Defendant,

and

CHRISTOPHER MCGHEE,

    Claimant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Plaintiff's Motions For Default Judgment and for a 28 U.S.C. § 2465 Certificate of Reasonable Cause. *Docs. 11, 12.* Having reviewed the briefing and the relevant law, I find the motions well-founded, and I recommend that the Court enter default judgment against Claimant McGhee and enter a Certificate of Reasonable Cause.

**I.**    **BACKGROUND AND PROCEDURAL HISTORY**

On June 26, 2012, Claimant McGhee was a passenger in a vehicle stopped by Lordsburg, New Mexico police officers. *Doc. 1* ¶ 6. The officers deployed a canine unit

1

and upon alert, searched the vehicle, and found $26,660 in United States currency. All of the currency was claimed by Claimant McGhee, but it was seized by the officers. *Id.* ¶¶ 8-10. On July 18, 2012, Claimant McGhee filed an agency administrative claim for the $2,660.00. *Id.* ¶ 12. Plaintiff filed a Complaint for Forfeiture In Rem on November 30, 2012. *Doc. 1.* A warrant for arrest of in rem property was issued on December 6, 2012. *Doc. 5.* Plaintiff filed notice of publication on January 23, 2013. *Doc. 7. Doc. 8.* Plaintiff filed its Praecipe and Motion for Default Judgment on April 26, 2013. *Docs. 9, 11.* Default was entered on April 29, 2013. *Doc. 13.*

## II.   ANALYSIS

### A.   The Court Should Grant Default Judgment

Under Federal Rule of Civil Procedure 55, default is a two-step process. First, the clerk enters default. Fed. R. Civ. P. 55(a). The Court then proceeds to enter default judgment as appropriate. Fed. R. Civ. P. 55(b)(2). Consequently, entry of default is generally a prerequisite to the entry of default judgment. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007). Here, the clerk entered default on April 29, 2013. Aside from Claimant McGhee's filing of an agency claim on the $2,660.00 at issue, Claimant McGhee has not, to my knowledge, taken any other action to claim the currency, nor has he attempted to participate in the instant action beyond consenting to proceed before the Magistrate Judge. *See doc. 8.* Based on the date on which the Complaint was filed, Claimant McGhee was required to answer by December 26, 2012. *See* Fed. R. Civ.

P. 6, 12(a)(1)(A)(i).  While I am mindful that there may be an ongoing concurrent criminal action in this case (*see* doc. 1 at 3), that does not excuse Claimant from failing to act in this civil action.  *See United States v. $310,659.56 in U.S. Currency*, 92 F.3d 1197 at *2 (10th Cir. 1996).  Given Claimant's failure to participate in this case, entry of default judgment is proper.  *Id.* at *1 (upholding the lower court's entry of default because the claimants had failed to "take such elementary steps as . . . attempting to file answers or other pleadings . . . [or] responding in any manner to the government's motions for default judgment.").

      **B.**      **The Court Should Issue a Certificate of Reasonable Cause**

Plaintiff also requests a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2), which provides that "if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered . . . ."  Plaintiff's Complaint sets forth reasonable cause for the seizure and arrest of the $2,660.00.  *See* doc. 1.  Claimant McGhee has not attempted to controvert Plaintiff's arguments, nor do I see a basis on which to find that the seizure was unreasonable.  I therefore recommend that the Court enter a certificate of reasonable cause as requested by Plaintiff.

**III.    CONCLUSION**

For the forgoing reasons, I recommend that the Court GRANT Plaintiff's Motions for Default Judgment and a Certificate of Reasonable Cause (*docs. 11, 12*) and enter default judgment against Claimant McGhee and a certificate of reasonable cause.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**